UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMEL JOHNSON,

               Plaintiff,

-against-

MOBILE LIFE AMBULANCE, INC.; GAYLE METZGER; STEPHANIE GUZMAN (EMT),

               Defendants.

24-CV-7175 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who currently is incarcerated at Clinton Correctional Facility and proceeding *pro se*, brings this action under 42 U.S.C. §§ 1981, 1983, and asserts state law claims. Plaintiff alleges that the emergency medical technician who transported him to the hospital on August 24, 2021, should not have permitted a police officer to search him. By order dated January 31, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following facts are drawn from the complaint.[2] On August 24, 2021, someone called 911 to report that a white van had stopped in the middle of the road in Newburgh, New York, and that the driver had suffered a "possible drug overdose." (ECF 1 at 2.) Police Officer Peterson arrived and found Plaintiff, who at that time "appeared to be under the influence of an 'unknown narcotic'" and who was unable to speak "in full sentences." (*Id.*) Officer Peterson called Mobile Life Ambulance, Inc. ("Mobile Life") a private company whose "owner" is Gayle Metzger. (*Id.*)

EMT Guzman from Mobile Life found that Plaintiff was not responsive. Plaintiff asserts that, at that point, he was "in full custody of the EMTs and Mobile Life. " (*Id.* at 3.) Plaintiff was placed on a stretcher for transport to Saint Luke's hospital. (*Id.* at 4.) Plaintiff was cooperative and, at some point, EMT Guzman stated that "she did not feel threatened [by Plaintiff] or in danger." (*Id.*) Nevertheless, Officer Peterson searched Plaintiff, allegedly in violation of his rights under the Fourth Amendment. Plaintiff contends that EMT Guzman "had custody of plaintiff and should have stopped Officer Peterson from unlawfully searching" him. (*Id.*) Officer Peterson "allegedly recovered a loaded firearm from Plaintiff's person" and recovered narcotics from the vehicle.

After examination at Saint Luke's Hospital, Plaintiff was transported to police headquarters. The following day, August 25, 2021, Plaintiff was arraigned on charges of possession of a loaded firearm and possession of illegal narcotics. Plaintiff states that the

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

evidence supporting these criminal charges was unlawfully obtained through an illegal search. He argues that EMT Guzman "had a legal obligation under the law to protect the civil rights of any person/patient in her custody and under her care and to intervene and prevent the violation of such patient's civil rights." (*Id.* at 4.)

Plaintiff contends that EMT Guzman, Mobile Life, and its owner Gayle Metzger, as a result of "negligence and failure to discharge their obligations to protect . . . civil rights" caused Plaintiff's loss of liberty and current financial hardship. (*Id.* at 5.)

Plaintiff sues Guzman, Metzger, and Mobile Life, seeking damages.[3] He asserts a claim, under 42 U.S.C. § 1983, for alleged violations of his rights under the Fourth Amendment. Plaintiff also invokes 42 U.S.C. § 1981 and state law.

## DISCUSSION

### A.    Claims under 42 U.S.C. § 1983

Plaintiff asserts claims against Guzman, Metzger, and Mobile Life, under Section 1983, for alleged violations of his rights under the Fourth Amendment. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants Guzman and Metzger are private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against these defendants under Section 1983.

---

[3] Police Officer Peterson is not named as a defendant in this action.

3

Mobile Life also does not qualify as a state actor. The activity of a private entity may be considered state action for the purpose of Section 1983 liability: (1) when the entity acts using the coercive power of the State or is controlled by the State (the "compulsion test"); (2) when the entity willfully participates in joint activity with the State, or its functions are entwined with State policies (the "joint action" or "close nexus" test); or (3) when the State has delegated a public function to the entity (the "public function" test). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (citation omitted). The fundamental question under each test is whether the private entity's challenged actions are "fairly attributable" to the State. *Id.* (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

In analyzing whether a private entity has acted as a state actor, a court must first "identify[ ] the specific conduct of which the plaintiff complains, rather than consider the general characteristics of the entity." *Id.* (internal quotation marks and citation omitted). The fact that an entity receives public funds, or acts in accordance with state regulations, does not turn private action into state action. *Rendell-Baker*, 457 U.S. at 840-41.

Here, Mobile Life's challenged action, providing emergency medical care and transportation to the hospital, is not a public function, joint action with the State, or an action using the coercive power of the State. Because Mobile Life was not engaged in state action, Plaintiff does not state a claim against Mobile Life under Section 1983.[4] Plaintiff's Section 1983 claims against Guzman, Metzger, and Mobile Life must therefore be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[4] Even if one or more of the defendants were a state actor, Plaintiff has not identified any legal basis for a duty on the part of these defendants to "stop" or interfere with Police Officer Peterson's search.

B.    **Claims under 42 U.S.C. § 1981**

Plaintiff also invokes 42 U.S.C. § 1981. Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). To state a claim of discrimination under Section 1981, a plaintiff must allege facts showing: "(1) [the] plaintiff[] [is a] member[] of a racial minority; (2) [the] defendant[']s] intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities." *Brown v. City of Oneonta, N.Y.*, 221 F.3d 329, 339 (2d Cir. 2000).

The gravamen of Plaintiff's complaint is that EMT Guzman failed to stop Police Officer Peterson from searching Plaintiff when Guzman took him to the hospital before his detention at police headquarters. Plaintiff's claims do not arise from the making or enforcement of a contract or other activity enumerated in Section 1981. Plaintiff's allegations thus fail to state a claim on which relief can be granted under Section 1981 and these claims must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

C.    **Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by

5

enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.      Leave to amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii),

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Judgment shall enter.

SO ORDERED.

Dated:   April 14, 2025
         New York, New York

                                                         /s/ Laura Taylor Swain
                                                         LAURA TAYLOR SWAIN
                                                         Chief United States District Judge